# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMIT TEWARI,<br>    Plaintiff,<br>v.<br>ALICIA CASEY,<br>    Defendant. | Case No. 2:25-cv-01355-NJK<br><br>[Docket No. 1] |

Pursuant to 28 U.S.C. § 1915, Defendant is proceeding in this action *pro se* and has requested authority pursuant to § 1915 to proceed *in forma pauperis*. *See* Docket No. 1. Defendant also filed a notice of removal. Docket No. 1-1.

## I.    MAGISTRATE JUDGE AUTHORITY

The Court first evaluates its authority to address the matter. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which provides magistrate judges with the authority to "order the entry of judgment in the case," "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1); *see also* Local Rule IB 2-1. "[J]urisdiction under § 636(c)(1) gives the magistrate judge's ruling 'the same effect as if it had been made by a district judge.'" *Washington v. Kijakazi*, 72 F.4th 1029, 1035 (9th Cir. 2023) (citing *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 685 (9th Cir. 2016)).

This case was directly referred to the undersigned magistrate judge pursuant to the District of Nevada's General Order 2023-11. Docket No. 3. Both parties had the option to decline the undersigned magistrate judge overseeing this case, *see* Docket Nos. 3, 5, and neither party exercised that option. *See* Docket. Therefore, the parties made a "knowing and voluntary decision to proceed before the Magistrate Judge." Docket No. 5.

## II. STANDARDS

Cases may be removed from state court to federal court based on the existence of federal subject matter jurisdiction. 28 U.S.C. § 1441. The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Removing defendants bear the burden of establishing that removal is proper. *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### A. Federal Question Jurisdiction

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (internal citations omitted). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* (internal citations omitted). Moreover, defenses and counterclaims cannot be used to establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, there is no apparent federal question, as Defendant seeks to remove her eviction. Docket No. 1-1 at 5. Defendant submits that federal question jurisdiction exists because "[t]he Complaint seeks damages from alleged 'racist and discriminatory' actions ascribed to the defendants," "the claim makes allegations regarding the deprivation of equal rights," and "[t]he Complaint alleges violations of the Far Housing Act." *Id.* at 2-3. Defendant's defense alleging violations of federal law cannot be used as a basis for federal question jurisdiction.

## III. CONCLUSION

Accordingly, this case is **REMANDED** to state court for lack of subject matter jurisdiction. The Court **DENIES** Defendant's application to proceed *in forma pauperis*. Docket No. 1. The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED

Dated: October 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge